IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANISLAW JAGLA, on his own behalf and all others similarly situated, ) ) ) | |
| ) | Civil Action No.: 05 C 6460 |
| Plaintiffs, ) ) | |
| ) | Suzanne B. Conlon, Judge |
| v. ) ) | |
| LaSalle BANK, NORMAN BOBBINS (CEO), WILLIE J. MILLER, JR. (CHIEF LEGAL OFFICER), HARRISON TEMPEST (RETIRED CEO), JOY SHULRUFF, H. HAMMOCK, and all others who cannot be identified at this time, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Stanislaw Jagla brought this *pro se* putative class action against LaSalle Bank, Norman Bobbins, Willie J. Miller, Jr., Harrison Tempest, Joy Shulruff, and H. Hammock, alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendants move to dismiss the complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

For purposes of this motion, the court accepts all well-pleaded allegations in the complaint as true. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). The following facts are derived from the complaint. Jagla, a native of Poland, immigrated to the United States in 1987 when he was about 25. Compl. at ¶ 4. In 1996, he earned a bachelor's degree in economics and finance with the highest honors from Northeastern University. *Id.* With a 4.0 grade point average, he was ranked

among the top 1% of Northeastern graduates. *Id.* He worked at LaSalle Bank between 1996 and 2000. *Id.* at ¶ 44. In early 2005, he twice applied for LaSalle Bank's training programs for credit analysts and financial associates. *Id.* at ¶¶ 35-36. His applications were rejected. *Id.* at ¶ 38. He timely filed a charge with the Equal Employment Opportunity Commission ("the EEOC"), alleging LaSalle Bank rejected his applications because of his age and national origin. *Id.* at ¶ 39; Defs. Mot. Ex. B at 1 (Jagla's EEOC charge). He received a right to sue letter on September 2, 2005. Compl. at ¶ 39, Ex. A at 1. He filed this case on November 14, 2005.

Jagla seeks to represent a putative class of "African Americans, Latinos, and other members of the protected group, who graduated with a bachelor['s] degree [in business] and were discriminated against by [defendants] because of their race, color, and/or national origin." Compl. at ¶ 2. He claims defendants systematically failed to hire and promote putative class members. Specifically, he alleges high paying positions at LaSalle Bank were available only to those who completed an entry-level professional training program. *Id.* at ¶ 42. Defendants allegedly excluded putative class members from training programs. *Id.* at ¶¶ 21-24. Defendants also steered putative class members to undesirable positions and refused to promote them beyond the training level. *Id.* at ¶ 26. He claims defendants' discriminatory practices injured him both when he worked at LaSalle Bank between 1996 and 2000 and when he applied for training programs in 2005. *Id.* at ¶¶ 38, 44. On behalf of himself and other putative class members, he seeks declaratory judgment, injunctive relief, and monetary damages in excess of $32 billion. *Id.* at ¶¶ 73-81.

## DISCUSSION

### I. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, and dismissal of an action under the rule is warranted only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cler*, 423 F.3d at 729 (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). On a motion to dismiss, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in favor of the nonmoving party. *Cler*, 423 F.3d at 729. To survive a motion to dismiss, a complaint "need not plead particular legal theories or particular facts in order to state a claim." *DeWalt*, 224 F.3d at 612. All that is required is a short and plain statement giving defendants fair notice of the nature and basis of the claim. *Id.* Moreover, a *pro se* complaint must be liberally construed. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). But as an exception to the general rule, the court may consider documents attached to a motion to dismiss if they are central to plaintiff's claims. *Id.* Before bringing a Title VII case, a plaintiff must file a charge with the EEOC; the scope of the charge limits plaintiff's claims in court. *Conner v. Ill. Dept. of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Jagla's EEOC charge is therefore central to the complaint. *See Oranika v. City of Chicago*, No. 04 C 8113, 2005 WL 2663562, at *2 (N.D. Ill. Oct. 17, 2005) (considering an EEOC charge on a motion to dismiss). The court considers Jagla's EEOC charge submitted by defendants as Exhibit B.

3

## II. Standing

The Constitution limits the jurisdiction of federal courts to the resolution of cases and controversies. U.S. CONST. art. III, § 2, cl. 1. To satisfy Article III standing, a plaintiff must allege facts showing an "injury in fact" – a causal relationship between that injury and the conduct underlying the litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Accordingly, to state a claim based on racial discrimination, a plaintiff must allege injuries resulting from discrimination based on race. *Id.*

If it is impossible to discern whether the alleged discrimination is based on race or national origin, a plaintiff need not identify the precise source of the injury to satisfy standing to sue for both racial and national origin discrimination. *See Von Zuckerstein v. Argonne Nat'l Lab.*, 984 F.2d 1467, 1472 (7th Cir. 1993) ("the line between national origin and race ... cannot be bright"). For example, "allegations by an African-American employee that employees of Irish descent are receiving preferential treatment implicitly suggest[] some form of potential racial discrimination in addition to an illegitimate preference premised on national origin." *Deravin v. Kerik*, 335 F.3d 195, 202 (2d Cir. 2003). But this is not the case here. The complaint plainly shows that for his individual claims, Jagla alleges only discrimination based on national origin. *See* Compl. at ¶ 30 (plaintiff "is a Polish immigrant (with a noticeable foreign accent)"). He does not allege he is a member of any racial minority. Nor does he claim defendants discriminated against him on the basis of his race or ethnicity. Similarly, his EEOC charge contains no allegations of racial discrimination: in the box regarding the bases of his charge, he checked off only "national origin" and "age," but not "race" or "color." Defs. Mot. Ex. B at 1. Consequently, his EEOC charge did not implicate an allegation of racial discrimination.

4

Jagla lacks standing to sue for racial discrimination. *Bermudez v. TRC Holdings, Inc.*, 138 F.3d 1176, 1180-81 (7th Cir. 1998) (a white employee has no standing to bring a racial discrimination claim if she fails to allege injury). Because 42 U.S.C. § 1981 only applies to claims based on race or ethnicity, he cannot state a claim under this section. *Von Zuckerstein*, 984 F.2d at 1472 ("claims founded on [national origin] are not cognizable under section 1981"). Accordingly, all claims under 42 U.S.C. § 1981 and all racial discrimination claims under Title VII must be dismissed.

### III. Scope of the EEOC Charge

A Title VII plaintiff may bring only claims that were either included in his EEOC charge, or reasonably related to the allegations of the charge. *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996). In his July 17, 2005 EEOC charge, Jagla alleges:

> On or about January 21, 2005, I applied for the position of Credit Analyst. On or about February 18, 2005, I applied for the position of Finance Associate. On or about May 27, 2005, I was informed by [LaSalle Bank] that I had not been chosen for the two positions.

Defs. Mot. Ex. B at 1. In the box regarding the time period of the alleged discrimination, he stated only "May 27, 2005." *Id.* He alleged no claims arising from his employment with LaSalle Bank between 1996 and 2000. Even if claims arising between 1996 and 2000 were not time-barred, they would fall outside the scope of the EEOC charge. *See McKenzie*, 92 F.3d at 481. Thus, all claims arising from Jagla's employment with LaSalle Bank between 1996 and 2000 must be dismissed.

### IV. Individual Liability

Defendants Bobbins, Miller, Tempest, Shulruff, and Hammock move to dismiss Jagla's Title VII claims, arguing that as employees and agents of LaSalle Bank, they have no individual liability.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). Based on this definition, liability is imposed only upon employers and not upon their agents or owners. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Therefore, Jagla cannot proceed under Title VII against the individual defendants. Their motion to dismiss must be granted.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted in part and denied in part. All claims against defendants Bobbins, Miller, Tempest, Shulruff, and Hammock are dismissed with prejudice. All claims based on racial discrimination are dismissed with prejudice. All claims arising from Jagla's employment with LaSalle Bank between 1996 and 2000 are dismissed with prejudice. Because Jagla's motion for class certification was denied (Dkt. No. 24 (Feb. 21, 2006)) for failure to conform to Fed. R. Civ. P. 23 requirements, defendants' arguments for dismissal of the class claims are moot. Jagla's individual claims based on national origin discrimination survive.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

March 15, 2006