# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| STANISLAW JAGLA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05 C 6460 |
| v. | ) | |
| | ) | Suzanne B. Conlon, Judge |
| LaSalle BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Stanislaw Jagla filed this putative class action against LaSalle Bank and five of its officers. Proceeding *pro se*, he claims defendants failed to hire and promote putative class members in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* His motion for appointment of counsel was denied for failure to meet requisite standards. Dkt. No. 24 (Feb. 21, 2006). His motion for class certification was denied for failure to conform to Fed. R. Civ. P. 23. *Id.* He now moves for leave to appeal these rulings. For the reasons set forth below, the motion is denied.

## BACKGROUND

Jagla, a native of Poland, immigrated to the United States in 1987 when he was about 25. Compl. at ¶ 4. In 1996, he earned a bachelor's degree in economics and finance with the highest honors from Northeastern Illinois University. *Id.* With a 4.0 grade point average, he was ranked among the top 1% of Northeastern graduates. *Id.* He worked at LaSalle Bank between 1996 and 2000. *Id.* at ¶ 44. In early 2005, he twice applied for LaSalle Bank's training programs for credit analysts and financial associates. *Id.* at ¶¶ 35-36. His applications were rejected. *Id.* at ¶ 38. He

filed a charge with the Equal Employment Opportunity Commission ("the EEOC"), alleging LaSalle Bank rejected his applications because of his age and national origin. Dkt. No. 18-3 at 1 (Feb. 15, 2006). After receiving a right to sue letter, he timely filed this case on November 14, 2005. Compl. at ¶ 39.

Jagla alleges a putative class of "African Americans, Latinos, and other members of the protected group, who graduated with a bachelor['s] degree [in business] and were discriminated [against] by [defendants] because of their race, color, and/or national origin." *Id.* at ¶ 2. He claims defendants systematically failed to hire and promote putative class members. Specifically, he alleges high paying positions at LaSalle Bank were available only to those who completed an entry-level professional training program. *Id.* at ¶ 42. Defendants allegedly excluded putative class members from these programs. *Id.* at ¶¶ 21-24. According to Jagla, defendants not only steered putative class members to undesirable positions, but also refused to promote them beyond the training level. *Id.* at ¶ 26. He claims defendants' discriminatory practices injured him both when he worked at LaSalle Bank between 1996 and 2000 and when he applied for training programs in 2005. *Id.* at ¶¶ 38, 44. On behalf of himself and other putative class members, he seeks declaratory judgment, injunctive relief, and monetary damages in excess of $32 billion. *Id.* at ¶¶ 73-81.

Jagla initially moved for appointment of counsel in December 2005. The motion was denied without prejudice for failure to submit a completed financial affidavit. Dkt. No. 9 (Dec. 7, 2005). Then his second motion was denied without prejudice pending his filing of the return of service of summons and defendants' filing of responsive pleadings. Dkt. No. 12 (Dec. 19, 2005). After

defendants moved to dismiss,[1] Jagla filed a third motion for appointment of counsel and a motion for class certification. His two motions were denied. Dkt. No. 24 (Feb. 21, 2006). He now seeks leave to appeal the court's rulings denying class certification and appointment of counsel.

## DISCUSSION

### I. Section 1292(b) Standard

Generally, only final judgments are appealable. 28 U.S.C. § 1291. Denial of class certification is not a final judgment and is therefore appealable only by certification under 28 U.S.C. § 1292(b).[2] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 470 (1978) ("orders relating to class certification are not independently appealable"). Under this provision, a district court may certify a complex and controlling question of law for interlocutory appeal if "there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In other words, in order for this court to certify an interlocutory appeal, "there must be a question of law, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000) (emphasis original). To obtain certification, Jagla must show all *Ahrenholz* requirements are met. Before applying *Ahrenholz* to this motion, the court must revisit its rulings on the issues of class certification and appointment of counsel.

---

[1] Defendants' motion to dismiss was granted with respect to three categories of claims: (1) all claims against the individual defendants; (2) all claims based on racial discrimination; and (3) all claims arising from Jagla's employment with LaSalle Bank between 1996 and 2000. Dkt. No. 33 (Mar. 3, 2006).

[2] The Court of Appeals may, in its discretion, permit an interlocutory appeal of a decision denying class certification. *See, e.g., Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 340 (7th Cir. 1997) (reviewing denial of class certification as interlocutory appeal); *Hewitt v. Joyce Beverages of Wis., Inc.*, 721 F.2d 625, 626 (7th Cir. 1983) (same).

## II. Class Certification

### A. Rule 23 Standard

A district court has broad discretion in deciding whether to certify class actions. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). To obtain class certification, Jagla must define an identifiable class. *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) ("[i]t is axiomatic that for a class action to be certified[,] a 'class' must exist"). He must also demonstrate his class membership. *Keele*, 149 F.3d at 592-93. The putative class must satisfy all four elements of Fed. R. Civ. P. 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition, the putative class must satisfy the requirements of at least one of Rule 23(b)'s three subsections. Jagla bears the burden of demonstrating all these requirements are met. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). As discussed below, however, Jagla cannot carry the burden because he fails to demonstrate class membership and to satisfy Rule 23(a) requirements.

### B. Class Membership

Jagla defines the putative class as follows:

> African Americans, Latinos and other members of the protected group, who graduated with a bachelor['s] degree [in business] and were discriminated [against] by [defendants] because of their race, color, and/or national origin[,] with respect to hiring, training, promotions, compensation and all other applicable terms and benefits of [] professional employment. The number of [the class] is estimated at 5,000 or more, [including] mostly African Americans and Latinos in addition to other [victims of illegal discrimination,] such as [plaintiff].

Compl. at ¶ 2. To be a class representative, Jagla "must be part of the class and 'possess the same interest and suffer the same injury' as class members." *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208,

216 (1974)). He cannot be a class representative because: (1) he lacks standing to sue for racial discrimination; and (2) he cannot state a claim based on defendants' alleged failure to promote.

### 1. Racial Discrimination

The complaint alleges defendants discriminated against Jagla solely based on his national origin. Compl. at ¶ 30 (plaintiff "is a Polish immigrant (with a noticeable foreign accent)"). While "the line between national origin and race ... cannot be bright," this is not a case where the alleged discrimination is based on both national origin and race. *Von Zuckerstein v. Argonne Nat'l Lab.*, 984 F.2d 1467, 1472 (7th Cir. 1993); *cf. Deravin v. Kerik*, 335 F.3d 195, 202 (2d Cir. 2003) ("allegations by an African-American employee that employees of Irish descent are receiving preferential treatment implicitly suggest[] some form of potential racial discrimination in addition to an illegitimate preference premised on national origin"). Jagla does not allege he is a member of any racial minority. Nor does he claim defendants discriminated against him on the basis of his race or ethnicity. In addition, his EEOC charge contains no allegations of racial discrimination: in the box regarding the bases of his charge, he checked off only "national origin" and "age," but not "race" or "color." Dkt. No. 18-3 at 1 (Feb. 15, 2006). Tellingly, his class definition distinguishes himself from putative class members who allegedly suffered racial discrimination. *See* Compl. at ¶ 2 (the class consists of "mostly African Americans and Latinos *in addition to* other [victims of illegal discrimination,] such as [plaintiff]") (emphasis added). Absent allegations of injury, he cannot state a claim based on racial discrimination. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (plaintiff must allege injury in fact). His lack of standing as a class representative precludes class certification.

### 2. Failure to Promote

Jagla is not part of the putative class with respect to the failure to promote claim. Although he alleges defendants failed to promote him during his employment with LaSalle Bank between 1996 and 2000, he cannot state a claim arising from this period because the alleged discrimination is beyond the scope of his EEOC charge. *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (a Title VII plaintiff may bring only claims that were either included in his EEOC charge, or reasonably related to the allegations of the charge). In his July 17, 2005 EEOC charge, he alleged only failure to hire claims arising from his 2005 job applications:

> On or about January 21, 2005, I applied for the position of Credit Analyst. On or about February 18, 2005, I applied for the position of Finance Associate. On or about May 27, 2005, I was informed by [LaSalle Bank] that I had not been chosen for the two positions.

Dkt. No. 18-3 at 1 (Feb. 15, 2006). In the box regarding the time period of the alleged discrimination, he stated only "May 27, 2005." *Id.* He alleged no claims arising from his previous employment with LaSalle Bank. Even if claims arising between 1996 and 2000 were not time-barred, they would be barred under *McKenzie*. Because Jagla lacks the same interest as putative class members with respect to the failure to promote claim, class certification is inappropriate.

### C. Commonality and Typicality

Jagla's failure to demonstrate his class membership precludes him from demonstrating commonality and typicality under Rule 23(a)(2)-(3). Commonality and typicality are closely related. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Commonality exists if class members share common questions of law or fact. *Id.* Typicality is satisfied if: (1) Jagla's claim arises from the same event, practice, or course of action that gives rise to the claims of other class members; and

(2) his claims or defenses are based on the same legal theory of the class members. *Id.* Racial discrimination and national origin discrimination are legally distinct claims; failure to hire and failure to promote involve different courses of action. Because Jagla fails to state a claim based on racial discrimination and failure to promote, he cannot show commonality or typicality.

### D. Numerosity

Jagla fails to submit any evidence to demonstrate numerosity. To meet this requirement, he need not identify the exact number of class members as long as a conclusion is apparent from good faith estimates. *Peterson v. H & R Block Tax Servs., Inc.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997). Common sense assumptions can be made in order to support a finding of numerosity. *Id.* But speculation about the size of the class is insufficient. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). Without any factual support, Jagla asserts LaSalle Bank had over 18,000 employees. Dkt. No. 20 at ¶ 3 (Feb. 15, 2006). This assertion alone cannot form a basis to estimate the number of LaSalle Bank employees and job applicants who are African Americans, Latinos, or other members of the protected group, with a bachelor's degree in business. *See Marcial*, 880 F.2d at 958.

### E. Adequacy of Representation

The court may certify a class only if Jagla will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). A layman's legal skills are "clearly too limited to allow him to risk the rights of other [class members]." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). As a result, courts have uniformly refused to certify class actions brought by *pro se* plaintiffs. *See, e.g., Rutledge v. Lane*, No. 98-1797, 2000 WL 689191, at * 4 (7th Cir. May 25, 2000) (unpublished opinion); *Douglas v. Clark*, No. 92-1533, 1993 WL 137718, at *1 (7th Cir. Apr. 30, 1993) (unpublished opinion); *Campbell v. Sec'y, Dep't of Corr.*, No. 05 C 481, 2005 WL

7

2917465, at *10 (W.D. Wis. Nov. 3, 2005) (Crabb, J.); *Qualls v. N.I.U.*, No. 02 C 50081, 2003 WL 1949301, at *1 (N.D. Ill. Apr. 23, 2003) (Reinhard, J.). Jagla offers no reason for the court to deviate from these decisions. For this reason alone, class certification must be denied.

Jagla repeatedly moved for appointment of counsel. But no legal advice can cure the fatal defect of his class certification motion: lack of standing as a class representative. Moreover, as discussed below, his motions for appointment of counsel are without merit.

### III. Appointment of Counsel

At the outset, Jagla attests he made efforts to secure counsel in the private market. Dkt. No. 21 at ¶ 4 (Feb. 15, 2006). Thus, his motion for appointment of counsel may be considered on the merits. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (effort to seek private counsel is a prerequisite to moving for appointment of counsel). His motion is evaluated under the *Farmer* two-step test: (1) whether he appears to be competent to represent himself, given the difficulty of the case; and (2) if not, whether "presence of counsel [would make] a difference in the outcome." *Johnson v. Doughty*, 433 F.3d 1006, 1007 (7th Cir. 2006) (quoting *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Jagla's national origin discrimination claim is straightforward. His case centers on one issue: whether defendants rejected his two applications for employment because he is from Poland. Compl. at ¶¶ 35-36. This issue does not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine." *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991) (a medical malpractice claim requiring proof of state of mind). The record does not indicate the underlying applications for employment involved many documents or interviews. Thus, discovery is not expected to require extraordinary resources or sophisticated legal knowledge. Nor does

resolution of the case require expert testimony. *Cf. Jackson*, 953 F.2d at 1073 (counsel was required to present expert testimony of a physician). This is not a complex case.

Jagla's ability to represent himself is evident. He graduated from Northeastern Illinois University with a 4.0 grade point average and in the top 1% of all students. Compl. at ¶ 4. Not only did he file a complaint that survived a motion to dismiss, but he also complied with the statute of limitations and with all court-ordered deadlines. *See, e.g.*, Dkt. No. 27 at ¶ 3 (Mar. 8, 2006). He understands legal concepts, such as individual liability, and cited relevant case law to support his arguments. *See* Dkt. No. 21 at ¶ 6 (Feb. 15, 2006). He also had experience litigating similar claims in state court. *See id.* Ex. A at 1. His skills and experience surpass those of *pro se* plaintiffs found competent to represent themselves. For example, in *Johnson v. Doughty*, a *pro se* former prisoner sued prison officials, alleging inadequate medical care. 433 F.3d at 1003. The district court refused to appoint counsel. *Id.* The appellate court affirmed because plaintiff successfully opposed a motion to dismiss and properly filed a pretrial motion, even though he had neither litigation experience nor academic achievements. *Id.* at 1007. *A fortiori*, Jagla is competent to prosecute his national origin discrimination claim. *Id.*; *see also Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000) (refusal to appoint counsel is proper because plaintiff's "opposition to summary judgment competently addressed the key points"); *cf. Gil v. Reed*, 381 F.3d 649, 655 (7th Cir. 2004) (appointment of counsel is necessary for a *pro se* prisoner with limited English skills). Jagla's motion for appointment of counsel must be denied without proceeding to step two of the *Farmer* test.

Even assuming Jagla satisfies step one of the *Farmer* test, he would fail step two. The inquiry – "would the presence of counsel have made a difference in the outcome" – does not require the court to determine whether a good lawyer would do a better job. *Farmer*, 990 F.2d at 322.

9

Rather, the court must determine whether Jagla could "obtain any sort of justice without the aid of a lawyer." *Id.* His demonstrated ability to litigate this case precludes a finding in his favor at step two. *Cf. Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005) (appointment of counsel is necessary in a § 1983 case where expert testimony is required).

## IV. Leave to Appeal

Jagla seeks leave to appeal the court's rulings denying class certification and appointment of counsel. For certification under 28 U.S.C. § 1292(b), he must demonstrate all three criteria are satisfied: (1) the court's rulings present a controlling question of law; (2) the question is contestable; and (3) its resolution will expedite litigation. *Ahrenholz*, 219 F.3d at 675-76. He cannot show these rulings are contestable.

The court's rulings rely on four well-settled principles: (1) a putative class representative must be part of the class; (2) a putative class representative bears the burden to satisfy Rule 23(a) requirements; (3) a *pro se* plaintiff cannot adequately represent a class; and (4) an intelligent, experienced litigant is not entitled to appointment of counsel in a case involving limited discovery and a straightforward factual issue. All four principles are controlled by clear precedent. None provide grounds for "difference of opinion." 28 U.S.C. § 1292(b); *cf. Panache Broad. of Pa., Inc. v. Richardson Elecs., Ltd.*, No. 90 C 6400, 1999 WL 1024560, at *5 (N.D. Ill. Oct. 29, 1999) (Nordberg, J.) (an order granting class certification is contestable where there exist "conflicting case law and strong arguments on both sides"). Moreover, § 1292(b) certification is intended for questions "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677. The rulings challenged involve fact-intensive inquires and are therefore unsuitable for interlocutory appeal. *See Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202

10

F.3d 957, 958 (7th Cir. 2000) (a question concerning Rule 23(b)(3) "seems rather fact-specific to be suitable for [§] 1292(b) appeal"). Finally, Jagla fails to demonstrate any exceptional circumstances justifying departure from the final judgment rule. *Coopers & Lybrand*, 437 U.S. at 475. Accordingly, he fails to satisfy § 1292(b) requirements.

## CONCLUSION

For the reasons set forth above, Jagla's motion for leave to appeal is denied.

ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge

April 12, 2006