

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANISLAW JAGLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 05 C 6460 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| LaSalle BANK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Stanislaw Jagla filed a *pro se* complaint against LaSalle Bank and five of its officers, alleging defendants discriminated against him and putative class members in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. His motion for appointment of counsel was denied for failure to meet requisite standards. Minute Order, Dkt. No. 24 (Feb. 21, 2006). His motion for class certification was denied for failure to satisfy Fed. R. Civ. P. 23 requirements. *Id.* He filed a notice to appeal these rulings. Notice of Appeal, Dkt. No. 47 (May 4, 2006). He now moves for leave to appeal *in forma pauperis*. He also moves for leave to amend the complaint. For the reasons set forth below, his motion for leave to appeal *in forma pauperis* is denied; his motion for leave to amend the complaint is granted in part and denied in part.

## BACKGROUND

Proceeding *pro se*, Jagla filed this case as a class action. Compl. at ¶ 2. He claimed LaSalle Bank discriminated against him when he was an employee between 1996 and 2000, and a job applicant in 2005. *Id.* at ¶¶ 38, 44. His claims were predicated on his June 17, 2005 charge with the Equal Employment Opportunity Commission ("EEOC"). *See id.* Ex. A at 1. In the EEOC charge,

he alleged LaSalle Bank failed to hire him because of his age and national origin. Pl. Mot. Ex. A at 28 (June 17, 2005 EEOC charge). After receiving an EEOC right-to-sue letter on September 2, 2005, he timely filed this case alleging discrimination on the basis of race and national origin. Compl. at ¶ 39; *id.* Ex. A at 1. His racial discrimination claims were subsequently dismissed because they fell outside the scope of his EEOC charge. Memorandum Opinion and Order, Dkt. No. 32 at 4-5 (Mar. 15, 2006). For the same reason, his claims arising from his employment with LaSalle Bank between 1996 and 2000 were also dismissed. *Id.* at 5.

Jagla repeatedly moved for appointment of counsel and for class certification. *See* Dkt. Nos. 9, 12, 20, 21, 25, 28, 43, 44. His third motion for appointment of counsel was denied for failure to meet the requisite standards under 28 U.S.C.A. § 1915; his motion for class certification was denied for failure to satisfy Fed. R. Civ. P. 23 requirements. Minute Order, Dkt. No. 24 (Feb. 21, 2006). He moved for leave to appeal the February 21, 2006 order. The motion was denied because the rulings were not "contestable" under 28 U.S.C. § 1292(b). Memorandum Opinion and Order, Dkt. No. 40 at 10 (Apr. 12, 2006) (explaining the rulings in detail).

Undeterred by his failure to obtain leave to appeal, Jagla sought direct appeal of the February 21, 2006 order. Notice of Appeal, Dkt. No. 47 at 1 (May 4, 2006). Claiming lack of funds to pay the appellate filing fees, he moves for leave to proceed *in forma pauperis*. He also moves for leave to amend the complaint.

## DISCUSSION

### I. Motion for Leave to Amend the Complaint

Jagla's proposed amended complaint duplicates the defects of the original complaint. *See* Pl. Mot. Ex. A at ¶¶ 2-3. Despite the February 21, 2006 order denying class certification, he purports to bring a class action for discrimination based on age and national origin. *Id.* In addition, he alleges the previously-dismissed claims arising from his employment with LaSalle Bank between 1996 and 2000. *See, e.g., id.* at ¶ 20.

At the outset, Jagla's motion for leave to amend the complaint must be denied to the extent he seeks to revive previously-dismissed claims. *See Fraternal Order of Police Hobart Lodge No. 121, Inc. v. City of Hobart*, 864 F.2d 551, 557 (7th Cir. 1988) (affirming dismissal of an amended complaint because it was "a transparent effort to circumvent [the] ruling dismissing the original complaint"). He may not assert claims arising from his employment with LaSalle Bank between 1996 and 2000 because they were dismissed with prejudice. *See* Minute Order, Dkt. No. 31 (Mar. 15, 2006). By the same token, he may not circumvent the denial of class certification by amending the complaint. Memorandum Opinion and Order, Dkt. No. 40 at 7-8; *More v. R & L Carriers, Inc.*, No. 00 C 5583, 2002 WL 1632206, at *7 (N.D. Ill. July 23, 2002) (Keys, M.J.) ("[a party] may not circumvent a prior order from the district court simply because he is not satisfied with the outcome").

Jagla may amend the original complaint to include an individual claim based on age discrimination arising from his 2005 job applications. *See* Fed. R. Civ. P. 15(a) ("leave [to amend pleading] shall be freely given when justice so requires"). Arguing the contrary, LaSalle Bank asserts Jagla's age discrimination claim is time-barred because his right to sue expired on December 1, 2005 – 90 days after receiving the EEOC letter. This argument ignores Rule 15(c)'s relation-back

provision. Jagla's proposed amended complaint may relate back to the original complaint if the amendment arises "out of the conduct, transaction, or occurrence set forth [in the original complaint]." *Id.* 15(c)(2). In his EEOC charge, he alleged LaSalle Bank rejected his 2005 job applications because of his age and national origin. Pl. Mot. Ex. A at 28 (June 17, 2005 EEOC charge). His claims, whether based on age or national origin discrimination, are predicated on the same occurrences. His age discrimination claim therefore relates back to the national origin discrimination claim in the original complaint. Fed. R. Civ. P. 15(c). Because the complaint was timely filed, his age discrimination claim is deemed timely. *Walls v. Turano Baking Co.*, 221 F. Supp. 2d 924, 928 (N.D. Ill. 2002) (Bucklo, J.) (the amended complaint was timely because the "allegations in [the] amended complaint relate back to the date of [the] original complaint").

LaSalle Bank argues Rule 15(c)'s relation-back provision is inapplicable, relying on *Zakutansky v. Bionetics Corp.*, 806 F. Supp. 1362 (N.D. Ill. 1992) (Shadur, J.). In *Zakutansky*, plaintiff amended her sexual harassment complaint by adding a retaliatory discharge claim. *Id.* at 1365. While her original complaint was filed within 90 days of the EEOC right-to-sue letter, her amended complaint was not. *Id.* Her retaliation claim could not benefit from Rule 15(c)'s relation-back provision because her original complaint "contained no hint of a retaliation claim at all." *Id.* at 1366. This is not the case here. Because Jagla's EEOC right-to-sue letter, attached to his original complaint, gave LaSalle Bank ample notice of his age discrimination claim, *Zakutansky* is inapplicable. Compl. Ex. A; *see Davis v. Univ of Chicago Hosps.*, 158 F.R.D. 129, 131-32 (N.D. Ill. 1994) (Grady, J.) (declining to follow *Zakutansky* because "defendant has advanced no reason why its defense of the lawsuit is prejudiced by the amendment"). LaSalle Bank's argument lacks any legal basis and must therefore be rejected.

4

## II. Motion for Leave to Appeal *In Forma Pauperis*

Jagla seeks to appeal the February 21, 2006 order denying his motions for class certification and for appointment of counsel. Notice of Appeal, Dkt. No. 47 (May 4, 2006). A class certification ruling is not a final judgment under 28 U.S.C. § 1291, and is therefore appealable only by certification under 28 U.S.C. § 1292(b) or by permission under Fed. R. Civ. P. 23(f). *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 470 (1978) ("orders relating to class certification are not independently appealable"); *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 959 (7th Cir. 2000) (discussing the relationship between § 1292 and Rule 23(f)). Because Jagla was denied leave to appeal under 28 U.S.C. § 1292(b), he must rely on Rule 23(f) to appeal the class certification ruling. *See* Memorandum Opinion and Order, Dkt. No. 40 at 10. Under Rule 23(f), he must seek appeal "within ten days after entry of the order [denying class certification]." Fed. R. Civ. P. 23(f); *Richardson Elecs.*, 202 F.3d at 959 (enforcing the ten-day rule). He filed the notice of appeal on May 4, 2006, over two months after entry of the February 21, 2006 order. *See* Minute Order, Dkt. No. 24. He has therefore missed the deadline to appeal under Rule 23(f).

Jagla's appeal of the order denying appointment of counsel suffers from the same defect. Before entry of a final judgment, he may not appeal a ruling on appointment of counsel. *Randle v. Victor Welding Supply Co.*, 664 F.2d 1064, 1067 (7th Cir. 1981) (*per curiam*) ("an order denying a motion for appointment of counsel is not immediately appealable"). Because his appeal of the February 21, 2006 order is doomed to be dismissed, his motion to appeal *in forma pauperis* must be denied. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) (*per curiam*) (denial of leave to appeal *in forma pauperis* is proper where the appeal is legally frivolous).

## CONCLUSION

For the reasons set forth above, Jagla's motion for leave to appeal *in forma pauperis* is denied. His motion for leave to amend the complaint is granted in part and denied in part. He is granted leave to file an amended complaint alleging only individual claims based on age and national origin discrimination arising from his 2005 job applications.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

May 31, 2006